# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHNNY ROJAS,<br><br>    Defendant. | No. CR09-4033-MWB<br><br>**ORDER** |

The defendant has filed a motion (Doc. No. 179) for a bill of particulars as to certain details of the conspiracy in which the defendant is alleged to have participated. The plaintiff (the "Government") resists the motion, arguing the information the defendant seeks is beyond the scope of a bill of particulars. (Doc. No. 189)

"The district court has broad discretion in granting or denying a bill of particulars." *United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993). "[T]he purpose of a bill of particulars is to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial." *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993). The *Wessels* court explained further:

> An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to the subsequent prosecution. *United States v. Young*, 618 F.2d 1281, 1286 (8th Cir.), *cert. denied*, 449 U.S. 844, 101 S. Ct. 126, 66 L. Ed. 2d 52 (1980). An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted. *Id*.

*Wessels*, 12 F.3d at 750.

The court may order the government to provide additional details if the indictment fails to apprise the defendant sufficiently of the charges against him to enable him to prepare a defense. *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986). However, "a bill of particular is not a proper tool for discovery." *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990); *accord Wessels*, 12 F.3d at 750.

In this case, the court finds the Indictment adequately informs the defendant of the nature of the charges against him. The parties have entered into a stipulated discovery order that provides defense counsel with access to all of the Government's witness statements and evidence. No further disclosure is required.

The motion is **denied**.

**IT IS SO ORDERED.**

**DATED** this 2nd day of December, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT