# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

JOHNNY ROJAS,

      Defendant.

No. CR09-4033-MWB

**REPORT AND RECOMMENDATION
ON MOTION TO DISMISS
INDICTMENT**

_____

The defendant Johnny Rojas has filed a motion to dismiss the Indictment "on the grounds the evidence presented to the grand jury was not sufficient to sustain a probable cause finding." Doc. No. 180. The plaintiff (the "Government") resists the motion. Doc. No. 189.

On June 18, 2009, the grand jury returned an Indictment charging seven individuals (other than Rojas) with conspiracy to possess with intent to distribute, and conspiracy to distribute, 1000 kilograms or more of marijuana. Doc. No. 1. On July 23, 2009, the grand jury returned a Superseding Indictment adding an eighth defendant to the case. Doc. No. 62. On October 21, 2009, the grand jury returned a Second Superseding Indictment adding Rojas as a defendant in the case, and reducing the quantity of marijuana the defendants allegedly conspired to possess and distribute to 100 kilograms or more. Doc. No. 140.

In his motion, Rojas argues the grand jury had insufficient evidence to charge him as a member of the conspiracy. Rojas is alleged to have driven a vehicle from the San Diego, California or Tijuana, Mexico, area to the Northern District of Iowa, with marijuana hidden in the gas tank. He argues the grand jury had no evidence regarding "how much marijuana was transported in the gas tank"; whether he "knew or should have known that he was acting as a mule to deliver marijuana"; or whether he "knew or should

have known other co-defendants were making, had made or were continuing to make trips to Mexico to procure marijuana for distribution." Doc. No. 180-1, pp. 1-2.

As noted by the Government in its resistance, it is well-settled law that "'an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury.'" Doc. No. 189 (quoting *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999), citing *Costello v. United States*, 350 U.S. 359, 363-64, 76 S. Ct. 406, 408-09, 100 L. Ed. 397 (1956); *United States v. Cady*, 567 F.2d 771, 776 (8th Cir. 1977)). The United States Supreme Court has held that "[a]n indictment returned by a legally constituted and unbiased grand jury . . . is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." *Costello v. United States*, 350 U.S. 359, 363, 76 S. Ct. 406, 409, 100 L. Ed. 397 (1956).

Accordingly, IT IS RESPECTFULLY RECOMMENDED that Rojas's motion to dismiss the charge against him on the basis that there was insufficient evidence before the grand jury be denied. Objections to this Report and Recommendation must be filed **by December 9, 2009**. Responses to objections must be filed **by December 11, 2009**.

**IT IS SO ORDERED.**

**DATED** this 2nd day of December, 2009.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT